IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| RANDY THOMAS NAVES, | ) |
|       Petitioner, | ) **MEMORANDUM DECISION** |
|   v. | ) Case No. 2:08-CV-745 DB |
| STEVEN TURLEY, | ) District Judge Dee Benson |
|       Respondent. | ) |

---

Petitioner, Randy Thomas Naves, an inmate at Utah State Prison, requests habeas corpus relief.[1] Because, as the State asserts in its motion to dismiss, Petitioner has filed his petition past the applicable period of limitation, the Court denies the petition.

Petitioner was convicted of several sexual crimes against children, for which he is currently imprisoned. His conviction became final on November 17, 1997--the deadline he missed for filing a withdrawal of his guilty plea or a direct appeal. On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition.[2] Because Petitioner did not file a state petition for post-conviction relief during that year, the period of limitation ran out on November 17, 1998. Even so, Petitioner waited until September 30, 2008, almost ten years later, to file his current petition.

---

[1] *See* 28 U.S.C.S. § 2254 (2009).

[2] *See id.* § 2244(d).

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3] Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[4]

Regarding statutory tolling, it is true that a state petition for post-conviction relief was filed. However, it was filed on April 8, 2005--long after the federal period of limitation had already run. "[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"[5]

Regarding equitable tolling, Petitioner excuses his failure to timely file his petition by asserting he lacked access to a law library and legal knowledge, and the prison contract attorney system is inadequate and gave him misinformation about habeas filings. Based on these circumstances, he argues that the Court should apply equitable tolling to rescue him from the period of limitation's operation.

---

[3]*Id.* § 2244(d)(2).

[4]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted in original)).

[5]*Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[6] Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[7] And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[8] Petitioner does not raise actual innocence; the Court thus focuses on "uncontrollable circumstances."

Against the backdrop of these general principles, the Court considers Petitioner's specific arguments. Petitioner asserts that his lateness should be overlooked because he lacked a law library, legal knowledge, and had only limited help and misinformation from prison contract attorneys. The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling.[9] Further, it is well settled that

---

[6] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[7] *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).

[8] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

[9] *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all

3

"'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[10] Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"[11] It follows that Petitioner's contention that prison attorneys' misinformation thwarted his habeas filings does not toll the period of limitation.[12]

During the running of the federal period of limitation and beyond, Petitioner took no steps himself to "diligently pursue his federal claims." His response shows no signs of this kind of self-directed tenacity. In fact, all Petitioner's excuses are undercut by the fact that he allowed ten full years to pass before filing for federal habeas relief. In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

Accordingly, the current petition before the Court was filed past the one-year period of limitation. And, it appears neither

---

relevant statutes and case law or that the procedure to request specific materials was inadequate.").

[10]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[11]*Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2009) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[12]*See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that Respondent's motion to dismiss is GRANTED. (*See* Docket Entry # 11.) This habeas petition is denied because it is barred by the applicable period of limitation.

DATED this 25 day of January, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge